UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

OSCAR GARNER,
        Plaintiff,

  v.                                                  Case No. 17-C-0051

J. HILL, *et al.*,
        Defendants.

## ORDER

Plaintiff Oscar Garner, a Wisconsin state prisoner who is representing himself, filed a civil rights action under 42 U.S.C. § 1983, alleging that defendants violated his Fourteenth Amendment rights at the Wisconsin Secure Program Facility ("WSPF"). ECF No. 1. This matter comes before me on plaintiff's motion for leave to proceed without prepayment of the filing fee and for screening of the complaint. ECF Nos. 1-2.

The Prison Litigation Reform Act ("PLRA") applies to this action because plaintiff was incarcerated when he filed this complaint. 28 U.S.C. §1915. The law allows inmates to proceed with their lawsuits in federal court without pre-paying the $350 filing fee. *Id.* The inmate must comply with certain requirements, one of which is to pay an initial partial filing fee. *Id.*

On January 23, 2017, I assessed an initial partial filing fee of $33.88. ECF No. 6. Plaintiff paid that amount on February 1, 2017. Therefore, I will grant plaintiff's motion to proceed without prepayment of the filing fee.

The PLRA requires me to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I may dismiss an action or portion thereof if the claims alleged are

"frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

To state a claim under the federal notice pleading system, plaintiffs must provide me with a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint need not plead specific facts, and need only provide "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not do. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

The factual content of the complaint must allow me to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Indeed, allegations must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Factual allegations, when accepted as true, must state a claim that is "plausible on its face." Iqbal, 556 U.S. at 678.

I follow the two-step analysis set forth in *Twobly* to determine whether a complaint states a claim. *Iqbal*, 556 U.S. at 679. First, I determine whether the plaintiff's legal conclusions are supported by factual allegations. *Id.* Legal conclusions not support by facts "are not entitled to the assumption of truth." *Id.* Second, I determine whether the well-pleaded factual allegations "plausibly give rise to an entitlement to relief." *Id. Pro se* allegations, "however inartfully pleaded," are given a liberal construction. See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v.*

2

*Gamble*, 429 U.S. 97, 106 (1976)).

**FACTS**

On April 13, 2005, Milwaukee County Circuit Court Judge Karen E. Christenson entered an order in criminal case no. 04-CF-1584 instructing plaintiff to pay restitution and other costs in the amount of $3,008.66, payable from up to 25% of his prison wages. ECF No. 1, ¶ 4. Ten years later, in June 2015, plaintiff received his inmate trust account statement which indicated that he had an outstanding balance of $2,473.66 for criminal case no. 04-CF-1584. *Id.*, ¶ 5. On June 30, 2015, someone at WSPF wrote on plaintiff's inmate trust account statement that they "took $2,473.66 for court obligations." *Id.*, ¶ 6. Ms. Sutter, an Inmate Complaint Examiner ("ICE"), confirmed that plaintiff owed this amount and was required to pay it. *Id.*, ¶ 7.

About a year later, in June 2016, Ann M. Peacock (not a defendant in the case) sent plaintiff a letter stating, among other things, that he still owed $2,473.66 in criminal case no. 04-CF-1584. *Id.*, ¶ 8. Plaintiff wrote to J. Hill (inmate accounts) and told him that the Milwaukee County Clerk of Court still had not received his payment of $2,473.66 even though someone had taken the money out of his prison account over a year ago. *Id.*, ¶ 9. Hill wrote back on August 31, 2016 stating that he sent the money to the "cashier's unit." *Id.*, ¶¶ 9, 35. Plaintiff wrote to the cashier's unit several times with no response. *Id.*, ¶¶ 10-11. He also wrote to Hill, Sutter, Molldrem, Boughton, Dickman, Jim Schwochert, Cathy Jess, and Julio Barron with no response. *Id.*, ¶ 12. Plaintiff also filed an inmate complaint which was rejected because WSPF had "already addressed this issue through WSPF-2016-21379," a different inmate complaint plaintiff had filed earlier in the year. *Id.*, ¶ 13.

3

Plaintiff received an updated trust account statement indicating that he still owed money in criminal case no. 04-CF-1584. *Id.*, ¶ 14. Along with this statement, plaintiff received notice that WSPF would now deduct 50% from his prison wages. *Id.*, ¶ 15. Plaintiff never gave anyone permission to deduct 50% from his prison wages, and the Milwaukee County Circuit Court never ordered WSPF to start deducting 50% from his account. *Id.*, ¶¶ 20, 29-32. Plaintiff states that he continues to pay restitution for an obligation he satisfied sometime in 2015. *Id.*, ¶¶ 24-25, 38-39.

Plaintiff filed a different inmate complaint regarding the 50% deduction, and this complaint was dismissed because he had "signed a settlement agreement [in WSPF-2015-12804] saying that he would pay all restitution owed." *Id.*, ¶ 33. Plaintiff states that he never signed a settlement agreement and defendants cannot prove that he did. *Id.*, ¶¶ 32, 34.

In October 2016, plaintiff asked Ms. Broadbent to print out a case called *Bub v. Fuller*. *Id.*, ¶ 21. She looked for the case on LexisNexis and could not find it. *Id.* She told plaintiff that if the case is not on LexisNexis, she could not go to other sources to look for it due to prison rules. *Id.* Plaintiff states that there are no prison rules prohibiting her from going to other sources to look for a case. *Id.*, ¶ 22.

## DISCUSSION

To state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege that defendants: 1) deprived him of a right secured by the Constitution or laws of the United States; and 2) acted under color of state law. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

4

The Fourteenth Amendment prohibits the state from depriving an individual of life, liberty, or property without due process of law. U.S. Const. amend. XVI. Courts first determine which interest is at stake, then determine what process is due. *Zinermon v. Burch*, 494 U.S. 113, 128-32 (1990). Deprivations of life or liberty often require pre-deprivation remedies, such as notice and a hearing, while deprivation of property often only requires post-deprivation remedies, such as a post-deprivation hearing or common-law tort remedies. *Id*.

A deprivation of property that is "random and unauthorized" is cured with post-deprivation remedies. *Id*. Conduct is "random and unauthorized" if it is unpredictable. *Hamlin v. Vaudenberg*, 95 F.3d 580, 584 (7th Cir. 1996). For instance, property confiscated contrary to Department of Corrections ("DOC") procedure is "random and unauthorized" because the state cannot predict when or if a deprivation will occur given that there were rules in place that prison staff were required to follow. *See Leavell v. Ill. Dep't of Nat. Res.*, 600 F.3d 798, 804-05 (7th Cir. 2010). In such situations, a post-deprivation remedy cures the problem as the State cannot predict beforehand when a violation will occur. *Zinermon,* 494 U.S. at 129 ("the State cannot be required constitutionally to do the impossible by providing pre-deprivation process" for a random and unauthorized conduct.).

Wisconsin law has post-deprivation proceedings to address random, unauthorized deprivations of property by state officers and officials. *See Singh v. Gegare*, No. 14-CV-837, 2015 WL 7430027, at *11 (E.D. Wis. Nov. 20, 2015), aff'd, 651 F. App'x 551 (7th Cir. 2016), reh'g denied (June 21, 2016); *see also Patrick v. Wisconsin*, No. 13-CV-231-WMC, 2014 WL 576153, at *3 (W.D. Wis. Feb. 12, 2014.

5

After an inmate files an offender complaint within the prison, he or she can appeal the decision to the state Correctional Complaint Examiner ("CCE"), which results in a decision from the Secretary of the Department of Corrections. Wis. Admin. Code §§ DOC 310.04(3), 310.09. If an inmate disagrees with the CCE's decision, he or she can appeal to the Wisconsin state circuit court through a writ of certiorari. *See Id.*

Wisconsin law also provides tort remedies for those whose property has been converted or damaged by another. Wis. Stat. §§ 893.35 (action to recover personal property after wrongful taking, conversion, or wrongful detention), 893.51 (action for damages resulting from wrongful taking, conversion, or wrongful detention of personal property), and 893.52 (action for damages from injury to property); *see also Hamlin v. Vaudenberg*, 95 F.3d 580, 585 (7th Cir. 1996) (inmate-complaint review system, certiorari review under Wisconsin law, and Wisconsin tort remedies against prison officials are adequate remedies for deprivation of good-time credits); *Wolf–Lillie v. Sonquist*, 699 F.2d 864, 871 (7th Cir. 1983) (Wisconsin tort remedies are adequate for deprivation of property resulting from sheriff's execution of outdated writ of restitution).

Plaintiff alleges that defendants' restitution calculation (50% of prison wages) and deductions (lump sum deduction of $2,473.66 in 2015) were done contrary to DOC procedure; thus, he is claiming that defendants' actions were "random and unauthorized." See *Gidarisingh v. Pollard*, No. 12-CV-455, 2013 WL 5349114, at *15 (E.D. Wis. Sept. 23, 2013*), vacated in part on other grounds*, 571 F. App'x 467 (7th Cir. 2014). As outlined above, plaintiff has adequate post-deprivation proceedings to address the issue. As a result, I will dismiss this action for failure to state a claim. *See Zinermon,* 494 U.S. at 126 ("The constitutional violation actionable under § 1983 is not

Case 2:17-cv-00051-LA   Filed 03/01/17   Page 6 of 8   Document 7

complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process"); see also Morris v. McKeever, 655 F.Supp. 388, 391 (W.D. Va. 1987)("A suit based on a wrongful act that ignores the existence of a post-deprivation remedy is, in effect, one that considers only partial or unfinished state action.").

## CONCLUSION

For the reasons stated, **IT IS ORDERED** that plaintiff's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS ALSO ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the **$316.12** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the Wisconsin Secure Program Facility where plaintiff is confined.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin, this 1st day of March, 2017.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge